UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**DEFENDANTS' SUBMISSION ON PROPOSED PROTECTIVE ORDER
GOVERNING DISCOVERY PRODUCED BY THE GOVERNMENT**

On January 28, 2026 the Court heard argument from the parties about proposed terms of a Protective Order governing the discovery produced by the government in this case. After hearing from the parties, the Court directed the parties to confer with each other to see if an agreement could be reached as to the terms of a Protective Order. The parties did confer, through counsel, and exchanged draft protective orders, but were unable to agree to all terms.

Defendants hereby submit the attached draft Protective Order Governing Discovery to the Court (Ex. A, hereto) which they sent to the government on January 30, 2026.[1] *The Defendants' proposed Protective Order fully addresses the lone substantive concern articulated by the government:* **that is, Defendants will agree not to publicly disseminate personal identifying information of the federal and local law enforcement personnel involved in this matter obtained in discovery from the government** (absent further Order of Court).

---

[1] During the meet-and-confer with government counsel, the government indicated it intends to file its own proposed Protective Order for the Court's consideration.

During the meet-and-confer, however, the government indicated it wants to summarily prohibit all Defendants and Defendants' counsel from using, discussing, or disseminating *any and all* information contained in the discovery it provides to the Defense. (See Ex. B, paras. 1-6 of Govt's Proposed Prot. Order). The additional term(s) suggested by the government are neither necessary nor appropriate here.

This case concerns matters of great public interest, including that most fundamental interest: the relationship between the people and their government under our Constitution. There is no reason to unnecessarily mute the discussion of such matters; and there is no danger posed to anyone in such discussion – particularly in light of the agreement from Defendants not to publicly disseminate personal identifying information in the government's discovery about law enforcement personnel involved in the events at issue. Moreover, a great deal of information about this case is already in the public square – no small amount due to public statements made by the government and others in the current administration.[2] There is, therefore, a real concern that if the contested terms in the government's proposed Protective Order were accepted (described above), Defendants and/or Defendants'

---

[2] The DOJ and others in the administration have already made multiple public statements about this case and certain of the individual Defendants, both formally and informally. See, e.g.:

1.  Post by Abigail Jackson, White House Office of the Press Secretary (@ATJackson47), available at: https://x.com/atjackson47/status/1969062022466744425?s=10 (last visited February 3, 2026);

2.  DOJ Press Release, including statement by Deputy Attorney General Todd Blanche, available at: https://www.justice.gov/usao-ndil/pr/federal-grand-jury-chicago-indicts-six-individuals-charges-impeding-federal-agent (last visited February 3, 2026);

3.  Laura Loomer, Sept. 19, 2025, X, "I love watching communists get body slammed by ICE. Communist and Palestinian. Pick a struggle. @KatAbughazaleh" (https://x.com/LauraLoomer/status/1969078211670638897) (last visited February 3, 2026).

counsel will be forced to defend themselves from specious claims they violated the Protective Order when, in reality, a plethora of information about the events of September 26, 2025 outside the Broadview ICE facility are already public and/or otherwise accessible.

The public interest is surely and substantially served by transparency, not government-controlled opacity, in this already very public dispute between citizens exercising their First Amendment rights, on the one hand, and the government in the conduct of its substantial criminal law enforcement apparatus against such citizens, on the other.

Accordingly, Defendants respectfully request that the Court enter the attached Proposed Protective Order Governing Discovery.

Respectfully submitted,

*/s/ Terence H. Campbell*
An Attorney for Defendant
 Andre Martin
  ***On behalf of All Defendants***

Theodore T. Poulos
Terence H. Campbell
Valerie A. Davenport
COTSIRILOS, POULOS & CAMPBELL, LTD.
55 E. Monroe Street, Suite 3250
Chicago, Illinois  60603
(312) 263-0345
tcampbell@cotsiriloslaw.com