UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, et al. | No. 25 CR 693<br><br>Judge April M. Perry |

**GOVERNMENT'S MOTION FOR ENTRY OF**
**PROTECTIVE ORDER GOVERNING DISCOVERY**

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a), the United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, moves for the entry of a protective order, and in support thereof states as follows:

1. The indictment in this case charges defendants with conspiracy to prevent by force, intimidation, and threat a United States law enforcement officer from discharging the duties of his office, and to injure him in his person or property on account of his lawful discharge of the duties of his office, and while engaged in the lawful discharge thereof, and to injure his property so as to interrupt, hinder, and impede him in the discharge of his official duties, in violation of Title 18, United States Code, Section 372 (Count 1), and for forcibly impeding, intimidating, and interfering with an officer of the United States while engaged in or on account of the performance of his official duties, in violation of Title 18, United States Code, Sections 111(a)(1) and 2 (Counts 2 -7).

2. The discovery to be provided by the government in this case includes sensitive information, whose unrestricted dissemination could adversely affect law

enforcement interests and the privacy interests of third parties, as well as the right to trial before a fair and unbiased jury.

3. The government produced initial discovery without a protective order, because most of that discovery was in the public domain and the government redacted personal information of the victim. The next wave of discovery includes body cam videos from Broadview Police Officers that are not public, as well as reports naming law enforcement officers and agents, with personal identifiers. The Broadview Police Officers are mere witnesses in this case.

4. The government seeks a protective order going forward to prevent unrestricted dissemination of non-public discovery. The government is concerned that unrestricted dissemination could taint the jury pool. Given the current climate, it will be very difficult to pick an unbiased jury. Defendants seek a trial in the near future, and public dissemination of all discovery will only increase the difficulty of selecting unbiased jurors.

5. The government is also concerned about doxing law enforcement agents. There is no reason that the Broadview Police Officers, mere witnesses, should have their body camera footage with their faces and name tags circulated on the internet. or featured in press conferences or campaign commercials.

6. The government and defense counsel have traded proposed Protective Orders and met and conferred, but have not come to an agreement. The main area of disagreement is that defense counsel has proposed a Protective Order that allows unrestricted use and dissemination of the discovery material outside the purpose of

the case, except for restricted dissemination of personal identifiers of the law enforcement agents and witnesses. The government believes that discovery should be used only for the case, and has proposed the attached revised protective order that takes into account the comments at the January 28, 2026 status, and has been used in hundreds of criminal cases.

7. Defendants' argue in their motion that all discovery should be public, because this case is a matter of public interest. There have been many cases that have generated far more public interest than a group of demonstrators impeding law enforcement where nobody got hurt – for instance, public corruption cases and police misconduct cases. And, in those cases, discovery is not public or used for any purpose outside the actual case. At the hearing on January 28, 2026, defense counsel told the Court that this case is about politics and campaigns, and that all discovery should be public. The government reiterates that it seeks to try the case in the courtroom before an unbiased jury and not in the public, where potential jurors will be tainted.[1]

8. The attached proposed revised Protective Order is a pared down, standard protective order which would allow defendants to use discovery freely for what it is meant to be used, which is litigating this case. For instance, although

---

[1] Defendants' submission demonstrates in n.2 the perils of trying this case in the media and not the courtroom. Defendants argue that the press generated to date has been generated by the government. That is disingenuous. At the time of charging, the government put out a press release, like it does for most cases, but that was only after defendants held a rally and press conference about the case in conjunction with their initial appearance. Moreover, for this proposition, defendants cite in support at n.2 a posting from September 19, 2025, a week prior to the date of the incident underlying the complaint, by an internet user who is not a government official or employee. This is exactly the kind of ridiculous discourse that will ensue if defendants are able to use discovery for "politics and campaigns" rather than for trying the case.

defendants initially proposed to the government that any personal identifiers, including names of law enforcement agents, would be "for attorneys' eyes only," in light of defense counsels' reversal on their initial proposal and the Court's comments, the government has removed that provision; instead, the government added paragraphs 8 and 9 of the proposed revised Protective Order to address Personal Identifiers, which mirror paragraphs 2 and 3 of defendants' proposed order.

9. The proposed revised Protective Order provides that the order does not apply to any material that is in or subsequently enters the public domain.

WHEREFORE, the government respectfully moves this Court to enter the proposed revised protective order.

                                        Respectfully submitted,

                                        ANDREW S. BOUTROS
                                        United States Attorney

By:   /s/ *Sheri H. Mecklenburg*
       SHERI H. MECKLENBURG
       MATTHEW SKIBA
       Assistants U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 353-5300

Dated: February 3, 2026