**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | No. 25 CR 693 |
| | ) | |
| MICHAEL RABBITT,<br>KATHERINE MARIE ABUGHAZALEH,<br>ANDRE MARTIN, BRIAN STRAW,<br>and CATHERINE SHARP | ) | Judge April M. Perry |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' CORRECTION OF A SCRIVENER'S ERROR IN THEIR REPLY; AND DEFENDANTS' AGREEMENT TO / SUPPORT OF THE MOTION BY SHERI H. MECKLENBURG TO INTERVENE (DKT. 261)**

Defendants Michael Rabbitt, Katherine Abughazaleh, Andre Martin, Brian Straw, and Catherine Sharp, by and through their respective attorneys, respectfully submits this Correction of a Typo in Their Reply; and Defendants' Agreement/Support of the Motion of Sheri H. Mecklenburg to Intervene (Dkt. 261).

## I. CORRECTION OF SCRIVENER'S ERROR IN DEFENDANTS' REPLY

1. On September 24, 2026, AUSA Sheri Mecklenburg filed a Motion for Leave to Intervene in this case. In that motion, AUSA Mecklenburg points out a typo in Defendants' Reply brief: that on page 45 of Defendants' Reply, we inadvertently included "Experienced AUSA 1" [Ms. Mecklenburg] in a sentence regarding the prosecutors' failure to correct the Court's obvious misunderstanding of the facts regarding the redactions to the grand jury transcripts the government provided to the Court *in camera*, not once, but on two separate occasions in open court, both of

which occurred after Ms. Mecklenburg had left for a new assignment in Washington D.C.

2. Specifically, Defendants' Reply stated, "And when the Court noted that only a certain number of lines of transcript were missing, "Experienced AUSA 1," "Experienced AUSA 2," and "Junior AUSA" sat by silently – not alerting the Court that it was mistaken and wholesale chunks of transcript including discussions of the law had been removed [from the grand jury transcripts provided to the Court *in camera*]." Defendants erred in including "Experienced AUSA 1" in that sentence, as Ms. Mecklenburg was not present in Court when those events occurred. It was a different experienced AUSA, in addition to "Experienced AUSA 2" and "Junior AUSA", who was present before the Court then.

3. Defendants apologize for the scrivener's error and hereby correct it.

## II. MS. MECKLENBURG'S MOTION TO INTERVENE

4. As to Ms. Mecklenburg's Motion to Intervene, Defendants agree with her motion and support her request to intervene.

5. We note that Ms. Mecklenburg states in her motion that until she retired, the Department of Justice expressly prohibited her from intervening – including telling her that she "could be disciplined or terminated if she did so." (Mot. to Intervene at 9).

6. Ms. Mecklenburg clearly has substantial information that is directly relevant and material to the matters pending before the Court. One example illustrates the point: On page 12 of her motion, Ms. Mecklenburg states:

> The United States also omitted the fact that following her notification to the Front Office of the no bill on October 9, 2026, ***the U.S. Attorney [Mr. Andrew Boutros] directed Ms. Mecklenburg to order an expedited copy of the October 9 grand jury session. She did so and promptly sent it to the Front Office, including the U.S. Attorney, as instructed.*** (Mot. to Intervene at 12)(emphasis added).

7. This new revelation is extraordinarily important, particularly given the representations made (and material facts omitted) by the government about that expedited grand jury transcript in its Reponse brief to this Court. Thus, we now know (a) the October 9, 2025 grand jury transcript was specifically requested ***by U.S. Attorney Boutros***, on an expedited basis; and (b) that it was ***sent not only to U.S. Attorney Boutros, but apparently to the entire "Front Office"***.

8. In short, Ms. Mecklenburg – who is no longer subject to the threat of termination for providing information in this case – is now able to provide highly material evidence to the Court that bears directly on the issues now before it.[1]

9. Accordingly, Defendants fully support and agree to Ms. Mecklenburg's Motion For Leave to Intervene here.

Respectfully submitted,

[1] There are several other issues identified in her Motion about which Ms. Mecklenburg clearly has first-hand and material information. And since she has now resigned from the Department of Justice, she is no longer under threat of termination for answering questions and providing information that is necessary for the Court to have in order to decide the pending motions.

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson, Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

***/s/ Terence H. Campbell***
***/s/ Valerie Ann Davenport***
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345

tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

***s/ Christopher Parente***
***/s/ Damon M Cheronis***
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

**/s/ Cynthia Giacchetti**
Law Office of Cynthia Giacchetti
53 W. Jackson Blvd., Suite 1035
Chicago, Illinois 60604
cg@cgdefense.com
312-939-6440
*Attorney for Catherine Sharp*