**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:25 CR 693** |
| **MICHAEL RABBITT,** | ) | |
| **KATHERINE MARIE ABUGHAZALEH,** | ) | |
| **ANDRE MARTIN,** | ) | **The Honorable April M. Perry** |
| **CATHERINE SHARP,** | ) | |
| **BRIAN STRAW, and** | ) | |
| **JOSELYN WALSH** | ) | |

**_EX PARTE_ PETITION FOR**
**ORDER AUTHORIZING DISCLOSURE**
**(FILED UNDER SEAL)**

The United States respectfully petitions this Court pursuant to Fed. R. Crim. P. 6(e)(3)(F)[1] for an order authorizing disclosure of five transcripts of grand jury testimony occurring in three grand jury sessions and concerning two law enforcement witnesses, an excerpt, a colloquy, and exhibits in *United States v. Rabbitt*, Case No. 1:25-cr-693 (N.D. Ill.).[2] As explained below, the Department of Justice's Office of Professional Responsibility (OPR) is examining allegations relating to potential prosecutorial misconduct by the government in *Rabbitt*. OPR's inquiry stems from a May 21, 2026 hearing in which the Court criticized the government's conduct during the October 9, October 16, and October 23, 2025 grand jury presentations for the *Rabbitt* case and the

---

1 Fed. R. Crim. P. 6(e)(3)(F) authorizes the United States to file an *ex parte* petition for disclosure.

2 The grand jury transcripts at issue concern the following grand jury presentations: 1) October 9, 2025 grand jury testimony of Federal Bureau of Investigation Special Agent Evan Hylton and exhibits; 2) October 16, 2025 grand jury testimony of U.S. Department of Homeland Security, Immigration and Customs Enforcement Assistant Field Office Director (AFOD) Dennis Woemmel, colloquy, and exhibits; and 3) October 23, 2025 grand jury testimony of AFOD Woemmel, excerpt, and exhibits.

government's redaction of the October 9, 16, and 23 grand jury transcripts provided to the Court for in camera review. OPR has a particular need to interview former Assistant U.S. Attorney (AUSA) Sheri Mecklenburg and AUSA Matthew Skiba concerning their conduct in the grand jury, and Ms. Mecklenburg and her counsel and AUSA Skiba's counsel need access to these unredacted transcripts and exhibits to effectively respond to OPR's inquiry. The United States relies on Federal Rule of Criminal Procedure 6(e)(3)(E) and the Court's inherent authority to grant disclosure as requested under the special circumstances described below.

## I. BACKGROUND

### A. OPR's Review

OPR is responsible for investigating allegations of misconduct involving Department attorneys that relate to the exercise of their authority to investigate, litigate, or provide legal advice. Since its inception in 1975, OPR has conducted unbiased investigations of professional misconduct allegations against Department attorneys, including officials at the highest levels of the Department. OPR's objective is to ensure that Department attorneys perform their duties in accordance with the highest professional standards.

Ms. Mecklenburg and AUSA Skiba, among others, are subjects of OPR's inquiry concerning allegations of prosecutorial misconduct arising in and following the *Rabbitt* grand jury presentations, which alleged that Michael Rabbitt, Katherine Abughazaleh, Andre Martin, Catherine Sharp, Brian Straw, and Joselyn Walsh violated 18 U.S.C. §§ 111(a)(1) (impeding a U.S. official), 372 (conspiracy), and 2, while protesting at the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) Broadview Service Staging Area in Chicago, Illinois.[3]

---

[3] OPR's review of the alleged prosecutorial misconduct also includes other Department employees involved in the *Rabbitt* prosecution.

### B. Case Facts

#### 1. Disclosure of Redacted Transcripts for In Camera Review by the Court

On April 8, 2026, the defendants filed a motion to compel the government to produce grand jury transcripts relating to the prosecutors' instructions on the one felony count (§ 372) charged in the indictment. They argued that disclosure was necessary to determine whether the government properly instructed the grand jury given the government's "evolving charging theory" with respect to the conspiracy count. The government subsequently submitted to the Court under seal for in camera review redacted grand jury transcripts for the October 9, 16, and October 23 presentations. Over the course of several hearings, the Court heard arguments from defense counsel and the government regarding whether the Court should review the unredacted transcripts.

During the May 18, 2026 pretrial conference, the defendants renewed their request for the Court to review the unredacted grand jury transcripts, and the government provided them to the Court the following day. After reviewing the transcripts, the Court ordered the parties and "[a]ny AUSA who participated in the decision to redact portions of the grand jury transcripts, whether on the trial team or at the supervisory level, is ordered to appear in person" at a May 21, 2026 hearing.

#### 2. May 21, 2026 Hearing and Misconduct Allegations

On May 21, 2026, the Court held a hearing on the motion for disclosure of the prosecutor's instructions of law to the grand jury.[4] During the hearing, the Court criticized the government's grand jury presentation and the redaction of the grand jury transcripts provided to the Court. As the Court stated, "I was incredibly shocked by the redactions that were made. I have read hundreds, if not thousands, of grand jury transcripts involving prosecutors who are the most junior of

---

[4] Ms. Mecklenburg was not in attendance as she was then on a detail to a Senate office.

prosecutors to several U.S. Attorneys who appeared before the grand jury," and "I have never seen the types of prosecutorial behavior before a grand jury that I saw in those transcripts."

The Court summarized what it viewed as the potential issues with the government's conduct:

- "[V]ouching to the grand jurors, with the AUSA putting her personal credibility and trustworthiness on the line in support of the charges";
- Having "communications of a substantive nature with the grand jurors outside of the grand jury room";
- "[E]xcusing grand jurors who disagreed with the government's case from the deliberations process"; and
- Redacting the problematic conduct out of the transcripts provided to the Court for in camera review.

The Court also warned the government that "there is also a potential here, separate and apart from the merits of this case and how this case ends up proceeding, on sanctions for prosecutorial misconduct and for potential ethical violations, including lack of candor to the Court."

The government dismissed with prejudice both the indictment and superseding information. However, litigation continued as the defendants made claims pursuant to the Hyde Amendment and sought attorneys' fees, sanctions, the appointment of a special prosecutor, and discovery and a hearing on the sanctions and special prosecutor issues. On October 1, 2026, among the issues addressed, the Court denied the defendants' request for discovery and an adversarial hearing and advised that it would decide whether to impose sanctions and appoint a special prosecutor after it reviewed additional evidence to be submitted by the Government. The Court further granted the government's request to brief the constitutionality of Federal Rule of Criminal

Procedure 42, appointed counsel to file an opposing brief, and granted the defendants' motions for attorneys' fees and expenses.

### C. OPR's Request to Unseal Unredacted Grand Jury Transcripts and Exhibits

On behalf of OPR, the U.S. Attorney's Office seeks an order authorizing disclosure of the unredacted October 9, 16, and 23 grand jury transcripts and exhibits to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel to allow Ms. Mecklenburg and AUSA Skiba to respond to the allegations under inquiry by OPR.[5] Ms. Mecklenburg and her counsel and AUSA Skiba's counsel have a particularized and compelling need for such disclosures to ensure that OPR can conduct a full and fair assessment of the matters under inquiry.

Accordingly, the United States seeks disclosure of this material pursuant to this Court's inherent authority.

## II. ARGUMENT

The Court should use the authority provided in Federal Rule of Criminal Procedure 6(e)(3)(E) and its inherent authority to authorize disclosure of the October 9, 16, and 23 transcripts and exhibits at issue in OPR's inquiry to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel.

### A. Legal Principles

"[D]isclosure of sealed grand jury materials is 'committed to the discretion of the trial judge.'" *Carlson v. United States*, 837 F.3d 753, 761 (7th Cir. 2016) (quoting *Pittsburgh Plate*

---

[5] As of September 24, 2026, Ms. Mecklenburg resigned from the Department of Justice. OPR initiated its review while Ms. Mecklenburg was still a Department employee but did not conclude it before her departure from government service. Even if the subject attorney resigns or retires from the Department during the course of an investigation, OPR ordinarily completes the investigation. Although former employees are not subject to discipline in cases in which the Department concludes that the subject committed professional misconduct, the Department may, nevertheless, refer its conclusions concerning violations of the rules of professional conduct to state licensing authorities.

*Glass Co. v. United States*, 360 U.S. 395, 400 (1959)). Federal Rule of Criminal Procedure 6(e)(3)(E) permits a court to authorize the disclosure of a grand jury matter, including a transcript of grand jury testimony, "preliminarily to or in connection with a judicial proceeding." As stated, OPR is examining the conduct of Ms. Mecklenburg and others related to *United States v. Rabbitt*. The Supreme Court has interpreted Rule 6(e)(3)(E)(i) as applying to uses that are "related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot*, 463 U.S. 476, 480 (1983). OPR's review of the facts underlying this Court's criticisms is "related fairly directly to some identifiable litigation," that is, *Rabbitt*. Although the charges have been dismissed, litigation concerning related issues, including potential prosecutorial misconduct, continues.

In addition to the section 6(e)(3)(E)(i) exception, the Seventh Circuit Court of Appeals has held that "Rule 6(e)(3)(E) is permissive, not inclusive, and it does not eliminate the district court's long-standing inherent supervisory authority to make decisions as needed to ensure the proper functioning of a grand jury." *Carlson* 837 F.3d at 766. A court's inherent supervisory authority "includes the power to unseal grand jury materials in circumstances not addressed by Rule 6(e)(3)(E)." *Id*. at 767 (citing *Pittsburgh Plate Glass Co.,* 360 U.S. at 400).[6] Though the general rule is that grand jury proceedings are to be kept secret, the Supreme Court has recognized that disclosure is appropriate when the party seeking disclosure demonstrates a "particularized need" for the material that outweighs the policy of secrecy. *Pittsburgh Plate Glass Co.*, 360 U.S. at 400.

---

[6] In *Carlson,* the Seventh Circuit affirmed the district court's use of the court's inherent discretionary authority to unseal historically significant grand jury transcripts and to release the material to an author and a coalition of historical organizations.

**B. Discussion**

Disclosure of the full and unredacted October 9, 16, and 13 grand jury transcripts and exhibits at issue is necessary for OPR to complete its investigation after making a full and fair assessment of Ms. Mecklenburg's, AUSA Skiba's, and other Department employees' conduct. Although most of the three grand jury sessions have been made public, the witness testimony is redacted and exhibits remain sealed. Because Ms. Mecklenburg was the lead prosecutor in the grand jury and AUSA Skiba assisted with the grand jury presentation and are subjects of OPR's inquiry, OPR seeks to interview or otherwise obtain information from Ms. Mecklenburg and AUSA Skiba about their conduct in the grand jury. Some of OPR's questions will concern the substance of the grand jury witness testimony, the sealed exhibits, and the colloquies during the testimony. OPR's investigation will not be complete without an ability to question Ms. Mecklenburg and AUSA Skiba about the full scope of their conduct.

Disclosure is also necessary to avoid the possible injustice that would result if Ms. Mecklenburg and her counsel and AUSA Skiba's counsel were denied access to materials and information that are germane to OPR's investigation of Ms. Mecklenburg and AUSA Skiba and that are otherwise unavailable for their review. OPR's inquiry implicates important legal and professional rights and privileges of Ms. Mecklenburg and AUSA Skiba, and it would be unfair to require Ms. Mecklenburg and her counsel and AUSA Skiba's counsel to respond to OPR's investigation without the benefit of the relevant materials on which OPR is relying in its evaluation of this matter. Although Ms. Mecklenburg was one of the prosecutors in the grand jury, she is no longer an AUSA, and the law is unclear as to a former employee's authority to access grand jury

information.[7] In addition, her counsel and AUSA Skiba's counsel are currently unable to review the unredacted grand jury materials and related exhibits without a court order.

The need for disclosure of the unredacted grand jury materials and related exhibits in this case is limited and significantly outweighs the need for continued secrecy. The concerns that ordinarily require continued secrecy of grand jury materials are lessened or no longer present. The charges against the defendants have been dismissed, so any risk of tampering or influencing grand jury witnesses for trial purposes has ended. The disclosure would be limited to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel in a non-public OPR investigation. The grand jury testimony and exhibits at issue involve law enforcement witnesses rather than civilian witness testimony, and disclosure would not result in grand jury testimony being used against grand jury witnesses. Therefore, the disclosure of such testimony and exhibits is unlikely to affect future testimony or the willingness of witnesses to come forward. Moreover, because the government requests disclosure of only the October 9, 16, 23 unredacted grand jury transcripts and related exhibits to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel solely for purposes of representing their clients in the pending OPR investigation, the scope of the proposed disclosure is narrow. Outside of the narrow-proposed disclosure, the confidentiality of the unredacted transcripts and exhibits in *Rabbitt* would continue to be protected.

Lastly, disclosure of the material to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel may ultimately serve to protect the integrity of grand jury proceedings. By allowing OPR to complete a full and fair investigation of the matter, there is greater assurance that prosecutors will be held accountable to abide by their legal and professional responsibilities.

---

[7] *Compare United States v. John Doe, Inc. I*, 481 U.S. 102 (1987) (review of grand jury materials by government attorney who previously had authorized access did not constitute a "disclosure" under Rule 6(e)) *with Pilon v. U.S. Dept. of Justice*, 73 F.3d 1111 (D.C. Cir. 1996) (agency release of Privacy Act protected record to a former employee was unauthorized even if former employee was familiar with the record).

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court authorize the disclosure of the unredacted October 9, 16, 23 transcripts and related exhibits to Ms. Mecklenburg and her counsel and AUSA Skiba's counsel solely for purposes of responding to the allegations of prosecutorial misconduct under review by OPR.

Date: October 7, 2026

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:________________________
Thomas P. Walsh
Civil Chief
219 S. Dearborn St., Rm. 500
Chicago, IL 60604
(312) 353-5300
Email: thomas.walsh2@usdoj.gov

By: Suzanne Drouet
Suzanne Drouet
Deputy Counsel
U.S. Department of Justice
950 Pennsylvania Ave. NW; Suite 3266
Washington, DC 20530